FILED
United States Court of Appeals
Tenth Circuit

August 18, 2015

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

JEROLD D. FISHER,

      Defendant - Appellant.

No. 15-3150
(D.C. No. 5:13-CR-40035-JAR-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

We have for consideration defendant Jerold D. Fisher's appeal from the district

court's June 11, 2015, order denying his motion for an appeal bond under 18 U.S.C.

§ 3145(c). We affirm.

On February 14, 2014, Fisher pleaded guilty to one count of making false,

fictitious, and fraudulent claims in tax filings for tax year 2009, in violation of

18 U.S.C. §§ 287 and 2. After protracted proceedings that need not be discussed at

this juncture, the district court sentenced Fisher to 41 months in prison, a sentence

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

that was within the advisory guideline range, but higher than the 36-month sentence that the government had agreed to recommend to the court and the sentence for time served that Fisher had requested.

Despite the appeal waiver in his plea agreement, Fisher filed an appeal from his sentence, which is designated No. 14-3257. The government filed a motion to enforce the appeal waiver and dismiss the appeal under United States v. Hahn, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam), or, in the alternative, to dismiss the appeal as moot. Fisher argued in his response that the government breached the plea agreement and engaged in vindictive prosecution, and that the appeal waiver is therefore unenforceable. No. 14-3257 is scheduled for oral argument on October 2, 2015.

The general rule with regard to bail pending appeal is that "the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . , be detained." 18 U.S.C. § 3143(b)(1). Fisher argues, however, that he may be granted bail if "the appeal . . . raises a substantial question of law or fact likely to result in—(i) reversal . . . or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process." Id. § 3143(b)(1)(B).

Fisher argues that he is likely to obtain a reversal or a reduced sentence because the government breached the plea agreement by filing a second indictment against him, and because the district court violated Fed. R. Crim. P. 32(i)(3)(B) by not deciding whether the government breached the plea agreement in this case. The

2

government disputes that its filing of the second indictment violated the plea agreement.

Assuming, without yet deciding, that the government breached Fisher's plea agreement and that the appeal waiver is unenforceable, we are unpersuaded by his arguments in this appeal that he satisfies the statutory standard for bail pending appeal.

Affirmed.

Entered for the Court
Per Curiam